UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN BEVAN,

                Plaintiff,

vs.                      Case No.  2:04-cv-457-FtM-33SPC

JOSEPH D'ALLASANDRO, STEVE RUSSELL,
ANTHONY KUNASEK, DEAN PLATNER, and
LARRY JUSTHAM,

                Defendants.

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss filed on September 28, 2004 by Defendants Joseph D'Alessandro,[1] Steve Russell, Anthony Kunasek, Dean Plattner[2] and Larry Justham (Doc. #16).  Plaintiff Brian Bevan filed a response to the Defendants' Motion to Dismiss on October 22, 2004 (Doc. #26).  The Defendants filed Notice of Supplemental Authority (Doc. #35) on February 9, 2005.

## I.  STANDARD OF REVIEW

In deciding a motion to dismiss, the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party.  See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140

_____

[1]Bevan has misspelled Joseph D'Alessandro's name.

[2]Bevan has misspelled Dean Plattner's name.

F.3d 1367, 1370 (11th Cir. 1998)).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  75 Acres, LLC v. v. Miami-Dade County, Fla., (11th Cir. 2003)(citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his claim."  Conley, 355 U.S. at 47.  All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests."  United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47).  Thus, the issue in a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail on his or her claims, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

Pro se pleadings are liberally construed as they are held to a less stringent standard than those drafted by an attorney. Trawinski v. United Techs., 313 F.3d 1295, 1297 (11th Cir. 2002) (citation omitted).  However, there is a heightened pleading

requirement for 42 U.S.C. § 1983 cases.   <u>Dalrymple v. Reno</u>, 334
F.3d 991, 996 (11th Cir. 2003) (citing <u>GJR Invs., Inc. v. County of
Escambia</u>, 132 F.3d 1359, 1367 (11th Cir. 1998)).   This is
especially true for those section 1983 cases involving qualified
immunity.  <u>Id.</u>  The lenient standard afforded to a pro se litigant
does not exempt the pro se litigant from complying with any
relevant substantive law and procedural rules.   <u>Sanders v. Daniel,
Inc.</u>, 151 F.R.D. 138, 139 (M.D. Fla. 1993).

II.   BACKGROUND

Bevan is a self-proclaimed social and civil rights activist,
writer, and publisher of the website www.maliciousprosecution.com.
(Doc. #1 at ¶1.)  Defendant Joseph D'Alessandro is the former State
Attorney for the Twentieth Judicial Circuit.   (Doc. #16 at 4.)
D'Alessandro left office after 2002.   (Doc. #16 at 4.)   Defendant
Steve Russell is the current State Attorney for the Twentieth
Judicial Circuit.   (Doc. #16 at 4.)   Defendants Anthony Kunasek,
Dean Plattner, and Larry Justham are current Assistant State
Attorneys for the Twentieth Judicial Circuit.   (Doc. #16 at 4.)

Bevan alleges that sometime between May 1, 2002 and August 21,
2002, former State Attorney D'Alessandro told Bevan he was being
prosecuted and a summons was issued for Bevan.   (Doc. #1 at ¶13.)
Bevan received the summons and was ordered to appear at the Circuit
Court for the Twentieth Judicial Circuit on August 21, 2002, to
answer to charges for breach of the peace and assault.   (Doc. #1 at

-3-

¶14.)   The victims in the assault were Michael Whitt and Carla Whitt.  (Doc. #1 at ¶15.)

Bevan claims that the charges against him by the State Attorney's Office are a sham brought in bad faith and that he is being maliciously prosecuted.  (Doc. #1 at ¶17.)  The Defendants are merely using the criminal justice system of the State of Florida to punish Bevan for his zealous advocacy under the First Amendment and the Florida Constitution in violation of 42 U.S.C. § 1983.  (Doc. #1 at ¶17.)  Bevan further contends that the Defendants cannot validly convict him.  Instead, they are just misusing their authority under the criminal justice system to impinge upon Bevan's ability to exercise his First Amendment rights.  (Doc. #1 at ¶15.)  Bevan notes that the Defendants have unsuccessfully prosecuted him in the past.

Bevan purports that he was the actual victim.  (Doc. #1 at ¶1.)  On May 1, 2002, the Whitts were trespassing on his property and were looking into his windows.  (Doc. #1 at ¶15.)  Michael Whitt told him to "F [expletive deleted] Off," while striking Bevan on the shoulder.  (Doc. #1 at ¶15.)  Michael Whitt then backed his car into Bevan and struck Bevan with the open car door.  (Doc. #1 at ¶15.)  Carla Whitt also used profanity.  (Doc. #1 at ¶15.)

Bevan seeks a preliminary injunction under Fed. R. Civ. P. 65, ordering the Defendants to cease their current prosecution of Bevan, the issuance of an order declaring that the prosecution is

in violation of Bevan's First Amendment rights, a permanent injunction perpetually enjoining the Defendants from the conduct alleged in the Complaint (Doc. #1), costs, attorney's fees, and any other relief the Court may deem just.  (Doc. #1 at 7.)

The Defendants raise five issues in their motion to dismiss. First, the Defendants contend that Bevan fails to comply with the requirements for a temporary and permanent injunction as set forth in Local Rules 4.05(b)(1)-(5) and 4.06(b)(1)-(5).  (Doc. #16 at 2.) Second, Bevan fails to state a claim upon which relief can be granted.  (Doc. #16 at 2.)  Third, Bevan fails to specifically allege how any defendant deprived him of his First Amendment rights.  (Doc. #16 at 4.)  Fourth, Bevan's claims are barred by prosecutorial immunity.  (Doc. #16 at 6.)  Fifth, the Complaint should be dismissed upon the federal doctrine of non-interference with state criminal prosecutions.  (Doc. #16 at 7.)  Finally, in their Notice of Supplemental Authority (Doc. #35), the Defendants argue that since Bevan pled no contest to the charges, his claims are rendered moot.

## III. ANALYSIS

Bevan seeks a preliminary injunction enjoining the criminal prosecution against him in the Twentieth Judicial Circuit.  The moving Defendants contend that the Complaint must be dismissed because it fails to comply with the requirements for a temporary and permanent injunction as prescribed by Local Rule 4.05(b)(1)-(5)

and 4.06(b)(1)-(5).  Pursuant to Local Rule 4.06(b)(1), a party
applying for a preliminary injunction must comply with Local Rule
4.05(b)(1)-(5) which lists the requirements for obtaining a
temporary restraining order.  A motion for a temporary restraining
order should be accompanied by supporting papers and affidavits.
Local Rule 4.05(b)(2).  Local Rule 4.05(b)(3) requires that the
motion:

> (i) describe precisely the conduct sought to be enjoined;
> (ii) set forth facts on which the Court can make a
> reasoned determination as to the amount of security which
> must be posted pursuant to Rule 65(c), Fed. R. Civ. P.;
> (iii) be accompanied by a proposed form of temporary
> restraining order prepared in strict accordance with the
> several requirements contained in Rule 65(b) and (d),
> Fed. R. Civ. P.; and (iv) should contain or be
> accompanied by a supporting legal memorandum or brief.

Defendants contend that they have yet to receive any documentation
or affidavits.  In his Response (Doc. #26), Bevan submitted an
affidavit from his father, Andrew Bevan, in which the father
alleged that he had witnessed the trespass on the property and the
events happened as Bevan contends in the Complaint.

In addition to complying with the Local Rules, a party seeking
a preliminary injunction must satisfy the following four factors:

> (1) a substantial likelihood of success on the merits of
> the case; (2) that movant will suffer irreparable harm if
> the injunction is denied; (3) that the injury to the
> movant from the denial of injunctive relief outweighs the
> damage to the opposing party if it is granted; and (4)
> that the injunction will not harm the public interest.

GSW v. Long County, 999 F.2d 1508, 1518 (11th Cir. 1993)(citing
United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir.

1983)).   Because  a  preliminary  injunction  is  an  extraordinary
remedy,  it  should  only  be  issued  if  the  movant  meets  all  four
factors.   <u>Jefferson</u>, 720 F.2d at 1519.

A  preliminary  injunction  is  not  appropriate  in  this  case.
First,  Bevan  failed  to  follow  the  requirements  set  forth  in  the
Local Rules.   Even if the Court were to overlook this transgression
because  Bevan  is  pro  se,  Bevan  has  failed  to  make  the  requisite
showing because he has not established a likelihood for success on
the  merits.    On  November  3,  2004,  Bevan  pled  no  contest  to  the
charge of breach of the peace and the assault charge was dismissed.
Hence,  while  Bevan  did  provide  the  affidavit  of  his  father  in
support  of  his  allegation  that  he  was  the  actual  victim  of  the
Whitts, the conclusion of the proceedings in the Twentieth Judicial
Circuit  eliminates  any  likelihood  for  success  on  the  merits.

Next, Bevan seeks an Order declaring the criminal prosecution
in  the  Twentieth  Judicial  Circuit  violates  his  First  Amendment
rights.    Defendants  argue  that  Bevan  fails  to  specify  how  the
Defendants violated his First Amendment rights.   To bring a claim
under 42 U.S.C. § 1983, the moving party must show that he was
deprived of his rights under color of the law.   <u>Loren v. Sasser</u>,
309  F.3d  1296,  1303  (11th  Cir.  2002),  <u>cert.  denied</u>,  538  U.S.  1057
(2003).   Section 1983 cases are subject to a heightened pleading
standard requiring the plaintiff to plead specific facts which set
out the claim.   <u>Dalrymple</u>, 334 F.3d at 996; (citing <u>GJR</u>, 132 F.3d

at 1367. A causal connection between the alleged conduct of defendant and the constitutional deprivation must be established by the moving party.   Marsh v. Butler County, Ala., 268 F.3d 1014, 1059.

Bevan has failed to plead any specific facts that establish he suffered a deprivation of rights. He blanketedly asserts his First Amendment rights were violated, but never shows how the state charges relate to this alleged violation, nor does he state how his rights are being violated. Unsupported conclusions of law will not prevent a Rule 12(b)(6) dismissal.   Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001)(en banc).   Most significantly, Bevan pled no contest to the breach of the peace charge against him and the assault charge was dismissed.   This renders his claim against the Defendants moot.   In light of these intervening circumstances, Bevan fails to state a claim upon which relief can be granted.

D'Alessandro no longer serves as the State Attorney for the Twentieth Judicial Circuit. Thus, he does not have the ability to prosecute Bevan and is not a state actor. A three part test must be applied to determine if the action of a private party can be attributable to state action.   "First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State."   Lugar v. Edmondson Oil Co., Inc., 102 S.Ct. 2744, 2753 (1982).   Second, the

party causing the deprivation must be a state actor.  Id.  The party can either be a state official, a person who acted in concert with the state, or received "significant" aid from the state.  Id. at 2754.  "Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"  Id.  In this case, Bevan has failed to state any facts that show how D'Alessandro deprived him of any protected right.  He also fails to show that D'Alessandro acted in concert with the state or received any significant aid from the state.  Consequently, Bevan's 42 U.S.C. § 1983 claim against Defendant D'Alessandro should likewise be dismissed.

Any other claims which are asserted by Bevan are barred by prosecutorial immunity.  A prosecutor is entitled to absolute immunity from suits arising under 42 U.S.C. § 1983.  Long v. Satz, 181 F.3d 1275, 1278 (11th Cir. 1999).  The immunity is an absolute bar for suits for monetary relief.  See Wahl v. McIver, 773 F.3d 1169, 1172 (11th Cir. 1985).

Accordingly, it is now

ORDERED, ADJUDGED, and DECREED:

For the reasons stated herein, Defendants' Motion to Dismiss (Doc. #16) is GRANTED.  The Complaint (Doc. #1) is hereby DISMISSED WITHOUT PREJUDICE as to all Defendants.  The Clerk is directed to enter judgment accordingly and close the file.  The Clerk is

further directed to terminate all previously  scheduled deadlines

and pending motions.

   **DONE** and **ORDERED** in Chambers in Fort Myers, Florida, this

_6_ day of July, 2005.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies:

All Parties of Record